OPINION
This is an accelerated calendar case presented to this court on the briefs of the parties. Appellant, the State of Ohio, appeals from a final judgment of the Portage County Municipal Court, Ravenna Division, granting a motion to suppress filed by appellee, Robert E. Gray, II. For the following reasons, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
On April 7, 2000, at approximately 8:30 p.m., Patrolman Mark Pfeiffer of the Garrettsville Police Department was operating stationary radar within the Village of Garrettsville. He observed appellee's pickup truck traveling at approximately twenty m.p.h. in a posted thirty-five m.p.h. zone. He noticed that the rear license plate was not illuminated, which constituted a violation of R.C. 4513.05. Patrolman Pfeiffer began following appellee's vehicle. As soon as he pulled out behind the truck, appellee turned into a residential driveway. The officer proceeded past the driveway and turned around in another driveway. He observed the truck stop, then the headlights went off, and then the truck came back out onto the road. Patrolman Pfeiffer again clocked appellee at approximately twenty m.p.h. At that point, the officer activated his overhead lights and effected a stop of appellee's truck. Appellee was eventually issued traffic citations for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and for failing to properly illuminate a license plate in violation of R.C. 4513.05.
On May 11, 2000, appellee filed a motion to suppress the evidence obtained against him on the basis that Patrolman Pfeiffer did not have sufficient cause to initiate a traffic stop. The motion came on for hearing on June 30, 2000. Patrolman Pfeiffer was the only person to testify. On July 5, 2000, the trial court granted appellee's motion to suppress, finding that the officer did not have an articulable and reasonable suspicion that appellee had committed some violation of the law. Thus, there was no reasonable cause to stop appellee. The trial court specifically found that a violation of R.C. 4513.05, by itself, does not justify an investigatory stop.
Appellant timely filed a notice of appeal pursuant to Crim.R. 12(J), and has now set forth a single assignment of error. Appellant contends that the trial court erred when it found that Patrolman Pfeiffer did not have "reasonable cause" to stop appellee's vehicle.
We must point out that this is a probable cause case, not a reasonable suspicion case. Did Patrolman Pfeiffer have probable cause to stop appellant? This question must be answered in the affirmative. A traffic violation had occurred in the officer's presence.
This court has repeatedly held that the failure to have a license plate properly illuminated is a violation of R.C. 4513.05 which warrants an investigatory stop of a vehicle. State v. Hinkle (Dec. 15, 2000), Portage App. Nos. 2000-P-0019 and 2000-P-0020, unreported; State v.Bencie (Dec. 1, 2000), Portage App. No. 2000-P-0004, unreported; Statev. Stamper (Aug. 11, 2000), Portage App. No. 99-P-0082, unreported; andState v. Walker (Nov. 15, 1996), Geauga App. No. 96-G-1966, unreported.
We have nothing more to add to what we have already held in these cases on numerous occasions. There is no way to make it any more clear. A stop predicated on a violation of R.C. 4513.05 is a good stop.
The judgment of the trial court is reversed and the case remanded for further proceedings consistent with this opinion.
 _________________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
FORD, J., GRENDELL, J., concur.